**Linda L. DAY, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYES'
RETIREMENT SYSTEM,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1996.
Decided June 11, 1996.
Publication Ordered Sept. 12, 1996.

Leon Ehrlich, for Petitioner.

David E. Schreiber, for Respondent.

Before PELLEGRINI and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Linda L. Day (Day) petitions for review of an order of the Public School Employees' Retirement Board (Retirement Board) that denied her request to purchase retirement credit in the Public School Employes' Retirement System (PSERS) for out-of-state service for a maternity leave of absence during the 1969–1970 school year.

The material facts are not in dispute and are summarized as follows. Day had been employed as a teacher at St. Vrain Valley Public Schools (St.Vrain) in Longmont, Colorado during the 1967–1968 and 1968–1969 school years. By virtue of her employment, Day was a member of the Public Employees' Retirement Association of Colorado (PERA). St. Vrain had a written policy which required employees to resign if they knew they were pregnant before the beginning of the school year in September. Day knew she was pregnant and resigned from her regular teaching position in accordance with St. Vrain's policy, effective July 7, 1969; however, Day continued to teach on a substitute basis during the 1969–1970 school year, both before and after

the birth of her child on February 11, 1970. Day accrued no additional credit with and made no further contributions to PERA after her resignation.[1]

In September of 1978, Day became a member of PSERS by virtue of her employment with the Wilson School District located in West Lawn, Pennsylvania. In July of 1987, Day applied to PSERS to purchase out-of-state retirement credit for her previous service with St. Vrain during the 1967–1968 and 1968–1969 school years. St. Vrain certified that Day had been so employed and PERA credited her with twenty-four (24) months of service for the two year period in question. In January of 1988, PSERS notified Day of her right to purchase two years of out-of-state service credit (1967–1969) which she subsequently elected to do through payroll deductions.

On November 2, 1992, Day filed with PSERS an "Application to Purchase Maternity Leave of Absence" by which she sought to purchase retirement credit for out-of-state service for the 1969–1970 school year. By letter dated July 16, 1993, PSERS informed Day that her request to purchase credit for maternity leave was denied because PERA did not credit this leave for retirement purposes and the service was not included in her refund. In so doing, PSERS noted that credit for the maternity leave was not included on the certification form previously submitted by Day to purchase her out-of-state service for the years 1967–1969. Day appealed the denial to PSERS' Appeals Committee which by letter of November 9, 1993 also denied her request.

Day requested an administrative hearing, which was held before a hearing examiner. On January 25, 1995, the hearing examiner issued an "opinion" recommending that the Retirement Board deny Day's request to purchase retirement credit for out-of-state service because her maternity leave of absence during the 1969–1970 school year was neither certified by St.Vrain nor credited by PERA. Day timely excepted thereto and the Retirement Board, without taking any additional evidence, concluded that Day was ineli-

---

1. The last contribution to PERA occurred on August 31, 1969.

gible to purchase retirement credit for the same reasons as those set forth by the hearing examiner. By order dated May 12, 1995, the Retirement Board denied Day's request to purchase retirement credit for maternity leave of absence during out-of-state service for the 1969–1970 school year.

█ The sole issue presented in this petition for review is whether or not Day is entitled to purchase retirement credit for an out-of-state maternity leave of absence which was neither certified by her out-of-state employer nor credited by the out-of-state retirement system.[2] We begin by noting that the Public School Employee's Retirement Code[3] (Retirement Code) does not specifically provide for the purchase of retirement credit for an out-of-state maternity leave of absence.[4] Such a purchase can be made, however, under Section 8304(b)(3) of the Retirement Code[5] if certain conditions are met. Section 8304(a) of the Retirement Code, which governs eligibility for creditable nonschool service, requires, amongst other things, that such service be certified by the previous employer. *See* 24 Pa.C.S. § 8304(a); *see also* 22 Pa.Code § 213.4. Additionally, in July of 1992, PSERS issued a revised policy statement regarding maternity leave of absences which provides, in pertinent part, as follows:

> If the member was on a forced maternity leave while working in a position covered by an out-of-state retirement system, the member may purchase the time if the out-of-state retirement system recognizes the time for retirement purposes and the time was credited as part of the refund.

Thus, in order to be eligible to purchase retirement credit for an out-of-state maternity leave of absence, an applicant must satisfy both the certification and accreditation requirements.

Day does not dispute that her maternity leave of absence was neither certified by St. Vrain nor credited by PERA. Instead, Day merely argues that the certification requirement is not necessary because there is no question that she was in fact forced to resign from her regular teaching position as the result of St. Vrain's policy regarding pregnancy. Such an argument would force us to ignore the plain language of the statute which we simply can not do. Even assuming Day is correct, she only satisfies half of the requirements necessary to establish eligibility. Day ignores the fact that after her resig-

---

2. Day also argues, for the first time here, that she should be permitted to purchase retirement credit for the 1969–1970 school year because she had taught as a substitute teacher during that time. In so doing, Day seeks to challenge the Retirement Board's Finding of Fact No. 9 which found that her substitute teaching during this time did not qualify as creditable service under PERA. This issue, however, was never raised before either the hearing examiner or the Retirement Board and is therefore waived.

3. 24 Pa.C.S. §§ 8101—8535.

4. Section 8304(b)(7) of the Retirement Code, which permits active members to purchase maternity leave credit, provides:

    (b) Limitations on nonschool service.—Creditable nonschool service credit shall be limited to:
       (7) Service for the period of time spent on a *maternity leave of absence required by the employer,* which creditable service shall not exceed two years per leave and shall be applicable only to a maternity leave which was commenced prior to May 17, 1975. The purchase of this service shall begin within one year of the employee's eligibility to purchase this creditable service. (Emphasis added).
    24 Pa.C.S. § 8304(b)(7). Section 8102 of the Retirement Code defines maternity leave of ab-

sence as "[a]n involuntary leave of absence required by the *employer* because of the pregnancy of the member and commencing prior to May 17, 1975." (Emphasis added). 24 Pa.C.S. § 8102. "Employer" is defined, in pertinent part, as "[a]ny governmental entity directly responsible for the employment and payment of the school employee and charged with the responsibility of providing public education within this *Commonwealth,* ..." (Emphasis added). *Id.* Thus, applying the above referenced definitional sections, Section 8304(b)(7) is limited to those situations where the maternity leave of absence is related to service which occurred within the Commonwealth.

5. Section 8304(b)(3) of the Retirement Code provides, in pertinent part, as follows:

    (b) Limitations on nonschool service.—Creditable nonschool service credit shall be limited to:
       (3) Service in any public school or public educational institution in any state other than this Commonwealth or in any territory or area under the jurisdiction of the United States....
    24 Pa.C.S. § 8304(b)(3). It is under this section that Day previously purchased retirement credit for service while at St. Vrain during the 1967–1968 and 1968–1969 school years.

nation she accrued no additional credit with nor made further contributions to PERA. *See* Retirement Board's Findings of Fact Nos. 6 and 7. Whether Day was entitled to credit by the out-of-state retirement system for her maternity leave of absence is a matter which should be addressed to PERA and not this Court. Since Day does not dispute that she lacks the requisite credit by the out-of-state retirement system, she cannot now asserts that she is entitled to purchase retirement credit from PSERS.

■ Day also argues that her forced resignation on account of her pregnancy was an act of discrimination by her former out-of-state employer and the Retirement Board's denial of her application to purchase retirement credit perpetuates the discrimination by St. Vrain. In support of her position, Day cites *Pallas v. Pacific Bell,* 940 F.2d 1324 (9th Cir.1991); however, Pennsylvania courts are not bound by the decisions of a federal intermediate appellate panel where, as here, the case specifically concerns Pennsylvania law. *See Rader v. Pennsylvania Turnpike Commission,* 407 Pa. 609, 182 A.2d 199 (1962).

Accordingly, the order of the Retirement Board denying Day's request to purchase retirement credit for out-of-state service for a maternity leave of absence during the 1969–1970 school year will be affirmed.

## ORDER

AND NOW, this 11th day of June, 1996, the order of the Public School Employee's Retirement Board, dated May 12, 1995, is affirmed.

FLAHERTY, J., concurs in the result only.